# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EFREN BATISTA, *et al.*,

    Plaintiffs,

v.

GOODYEAR DUNLOP TIRES OF
NORTH AMERICA, LLC,, *et al.*,

    Defendants.

Case No. 2:06-CV-00820-KJD-GWF

**ORDER**

    Presently before the Court is Defendant Goodyear's Motion for Reconsideration (#54). Plaintiffs filed a response in opposition (#57) to which Defendant replied (#60).

I. Facts and Procedural History

    The present case arises out of an automobile accident that occurred in Hermosillo, Sonora, Mexico. Andres Batista, Brenden Batista, Efren Batista, and Julio Martinez were returning to Las Vegas from a trip to Mexico. They were driving a 2001 Mitsubishi Montero Sport, which was equipped with a Dunlop Grandtrek AT 21 tire on the right rear wheel. Plaintiffs allege that the right rear tire lost its tread, causing the vehicle to roll over several times. As a result of the accident, Andres Batista was killed and both Brenden Batista and Julio Martinez were seriously injured. Plaintiffs allege that the tire in question was manufactured by Defendant Goodyear Dunlop Tires of

North America, LLC ("Goodyear"), and that Mitsubishi Motor Corporation ("Mitsubishi") manufactured the vehicle in question. Defendants are United States corporations. Of the six individual Plaintiffs, four are United States Citizens and Nevada residents, and two are citizens and residents of Mexico.

On May 11, 2007, Defendants moved this Court for dismissal under the doctrine of forum non conveniens. On July 3, 2007, the Court denied the motion to dismiss for forum non conveniens finding that Defendants had not met their burden in establishing that Sonora, Mexico was an available forum, and that if even if they had, the public and private interest factors did not support dismissal. On July 17, 2007, Defendant Goodyear filed the present motion for reconsideration.

II.  Analysis

Where reconsideration of a non-final order is sought, the court has inherent jurisdiction to modify, alter or revoke it. See United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000); Glavor v. Shearson Lehman Hutton, Inc., 879 F. Supp. 1028, 1032 (N.D. Cal. 1994) ("District courts are authorized to reconsider interlocutory orders at any time prior to final judgment.").

The common law principle of forum non conveniens allows a court to decline otherwise proper jurisdiction when the chosen forum is disproportionately inconvenient to the defendant or inappropriately burdensome on the court. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981). The applicable standard for dismissal is whether defendants have made a clear showing of facts which establish such oppression and vexation of a defendant as to be out of proportion to plaintiffs convenience. See Cheng v. Boeing Co., 708 F.2d 1406, 1410 (9th Cir. 1983). Consequently, dismissal for forum non conveniens is "an exceptional tool to be employed sparingly," and courts have declined to "perceive it as a doctrine that compels plaintiffs to choose the optimal forum for their claim." Ravelo Monegro v. Rosa, 211 F.3d 509, 514 (9th Cir. 2000).

Dismissal for forum non conveniens is appropriate where there is (1) an adequate alternate forum, and (2) the balance of private and public interests clearly indicates that trial in the alternate forum would be more convenient for the parties. See, e.g., Gulf Oil Corp. v. Gilbert, 330 U.S. 501,

506-508 (1947); <u>Lueck v. Sandstrand Corp.</u>, 236 F.3d 1137, 1142-43 (9th Cir. 2001); <u>Lockman Found. v. Evangelical Alliance Mission</u>, 930 F.2d 764, 767 (9th Cir. 1991).  Even if there is an adequate alternate forum, a resident or citizen plaintiff's choice of forum will not be disturbed unless the private interest and public interest factors *strongly favor* trial in the foreign country.  <u>Dole Food Co. v. Watts</u>, 303 F.3d 1104, 1118 (9th Cir. 2002) (emphasis added).  Thus, the moving party has a heavy burden to prove that these factors strongly favor trial in the alternate forum.

In its previous order, the Court held that Defendant had failed to meet the heavy burden required to disturb Plaintiffs' choice of forum.  Even upon reconsideration, the Court finds that Defendant Goodyear has failed to meet their burden in establishing that Sonora, Mexico would be an available forum.  This does not mean that under no circumstances would plaintiffs in an identical situation be unable to bring their claims in Sonora, Mexico.  Instead, Goodyear has failed to meet the burden required to demonstrate that Sonora, Mexico is an available forum.  Furthermore, Goodyear has failed to meet the heavy burden required to prove that the private and public interest factors *strongly favor* Sonora, Mexico.  The Court refuses to turn the rule upon its head and require Plaintiffs "to choose the optimal forum for their claim." <u>Ravelo Monegro</u>, 211 F.3d at 514.  Therefore, the Court denies Defendant Goodyear's motion for reconsideration.

III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant Goodyear's Motion for Reconsideration (#54) is **DENIED**.

DATED this 22ND day of October 2007.

_____
Kent J. Dawson
United States District Judge